91 N.J. Super. 496 (1966)
221 A.2d 543
IN THE MATTER OF THE APPLICATION OF BEN SWEETWOOD AND DONALD F. MACART. FOR THE RECHECKING OF THE VOTING MACHINES AND THE RECOUNTING OF THE ABSENTEE BALLOTS IN THE 2ND WARD, IN THE CITY OF EAST ORANGE, COUNTY OF ESSEX AND STATE OF NEW JERSEY AND EXAMINATION OF THE POLL BOOKS AND OTHER RECORDS.
Superior Court of New Jersey, Appellate Division.
Argued May 23, 1966.
Decided June 8, 1966.
*497 Before Judges SULLIVAN, LEWIS and KOLOVSKY.
Mr. Irwin A. Horowitz argued the cause for appellant Sweetwood (Messrs. Horowitz and Bross, attorneys).
Mr. Daniel S. Bell argued the cause for cross-appellant MacArt (Messrs. Bell & Adubato, attorneys).
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
This is an appeal in an election case involving the office of member of the city council, second ward, East Orange. Ben Sweetwood was the duly nominated Democratic candidate for said office and Donald F. MacArt the duly nominated Republican candidate. The election was held on November 2, 1965, and after a recheck and recount of voting machine totals and absentee ballots, was certified by the Essex County Board of Elections as a tie vote.
Proceedings challenging the result were instituted in the Superior Court by both candidates, and after a hearing it was judicially determined that the election had resulted in a tie vote.
The court hearing involved eight absentee ballots, six of which had been counted for MacArt. The court upheld the validity of these ballots. The remaining two ballots, one of which was voted for Sweetwood, and the other for MacArt, had not been counted. The court declared these ballots invalid.
*498 Much of the confusion was not of the voters' making. The paper ballot sent to each absentee voter, although it contained a space at the bottom of each column "For Municipal Offices," did not have printed thereon the names of any of the candidates nominated for the municipal offices. Instead, there was forwarded with each ballot a separate instruction sheet reading as follows:

"EAST ORANGE, NEW JERSEY SECOND WARD
THE FOLLOWING MUNICIPAL OFFICERS ARE TO BE ELECTED:
To vote for any candidates whose names are listed below write the names and mark a cross (x), plus (+) or check (&check;) in the square at the left of the names of such candidates, not in excess of the number to be elected to the office, in the column for municipal offices on the ballot.
 FOR MAYOR  Vote for One
 DEMOCRATIC REPUBLICAN INDEPENDENT
 James W. Kelly, Jr. Victor J. Reuter Donald D. Carter
 FOR MEMBER OF THE CITY COUNCIL  Vote for One
 DEMOCRATIC REPUBLICAN
 Ben Sweetwood Donald F. MacArt"
On the ballot itself the printed instructions to the voter included the following:
"4. To vote for any person whose name is not printed on this ballot, write or paste the name of such person under the proper title of office in the column designated Personal Choice, and mark a cross (x), plus (+) or check (&check;) in the square at the left of the name so written or pasted."
We need only consider four of the six ballots which were counted for MacArt. These four ballots are marked in a similar manner and therefore involve a common question of validity. On these four ballots the name "Donald F. Mac Art" was written in the Republican column under "For Municipal Offices," and a checkmark placed in the square at the left of such write-in. However, the ballots do not indicate to what municipal office the voters wanted MacArt elected.
*499 The trial judge held that these ballots were valid since it was obvious that the votes were cast for MacArt for the office of city councilman, Second Ward. The judge noted that on three of the ballots the name Victor J. Reuter was written in the space "For Municipal Offices" just above MacArt's name, and on the fourth ballot the name of James W. Kelly was written in the Democratic column in the same space. It was obvious to the judge that the voters had intended to cast their ballots for Reuter or Kelly for mayor and for MacArt for ward councilman, since those were the offices for which these candidates were running as set forth on the instruction sheet. However, in effect the trial judge looked dehors the ballots to sustain their validity.
We recognize that the instruction sheet, supra, accompanying each ballot directed the voter to write in the name of the municipal candidate for whom he wished his vote cast. It did not specifically direct the voter to designate to what municipal office the voter wanted the named candidate elected. However, implicit in the instructions was the requirement that the voter designate the office. Most of the absentee voters so understood the instructions and marked their ballots accordingly.
Here, the judge found that the voters' intent as to each of these four ballots seemed clear. We agree. But intent alone is not enough. Cf. In re Application of Dorgan, 44 N.J. 440, 441 (1965).
We recognize that the right of suffrage should not be frustrated, particularly where the voter attempts in good faith to comply with the instructions given him. However, the Legislature has established certain minimum requirements as a safeguard in the voting process. For an absentee write-in ballot to be counted, at the least the office and the name of the candidate for election to said office must be designated thereon so as to indicate the voter's choice. N.J.S.A. 19:57-27. Anything less renders the ballot unintelligible.
*500 In view of our ruling herein it becomes unnecessary to consider the validity of the other two ballots counted for MacArt on which the voters wrote in MacArt's name and the office to be filled, but did not put any mark in the square to the left of the write-in. See In re Keogh-Dwyer, 45 N.J. 117, 120 (1965).
As heretofore noted, much of the confusion has resulted from the inadequte instructions contained on the separate sheet which was forwarded with each ballot. Needless to say, where such instructions are required, they should be carefully drawn so as to fully advise the voter as to the proper procedure he is to follow.
The judgment herein is reversed and the case remanded for entry of judgment that Ben Sweetwood was elected to the office of member of the city council, second ward, East Orange, in the November 2, 1965 election.
No costs.