245 N.J. Super. 70 (1990)
583 A.2d 1154
IN THE MATTER OF THE GENERAL ELECTION HELD IN THE TOWNSHIP OF MONROE, GLOUCESTER COUNTY, NEW JERSEY, ON TUESDAY, NOVEMBER 6, 1990.
Superior Court of New Jersey, Appellate Division.
Argued December 18, 1990.
Decided December 20, 1990.
*71 Before Judges DEIGHAN, BAIME and A.M. STEIN.
Michael A. Angelini argued the cause for appellant (Angelini, Viniar & Freedman, attorneys; Michael A. Angelini on the letter brief and reply letter brief).
Martin F. Caulfield argued the cause for respondent (Hannold, Caulfield, Marshall & McDonnell, attorneys; Martin F. Caulfield on the letter brief).
The opinion of the court was delivered by A.M. STEIN, J.A.D.
Pursuant to R. 2:2-3(a)(1), Frank E. McGuckin, a candidate for mayor of Monroe Township, Gloucester County, appeals the ruling of the Law Division invalidating six votes for mayor and declaring his opponent, Carmen J. DiNovi, Sr., the winner. If the six votes are not counted, DiNovi wins the election by a vote of XXXX-XXXX. If the six votes are counted, a tie results, and a runoff election is required because five of the disputed votes were cast for McGuckin and one for DiNovi. We reverse.
Gloucester County uses an electronic voting system pursuant to N.J.S.A. 19:53A-1 et seq. The ballot is in the form of a rectangular card. There are printed names on the ballot for those offices up for election, and a section underneath the printed names for write-in votes. The voter must either punch a hole in a circle alongside a candidate's name printed on the ballot, or write in the name of a candidate not printed on the *72 ballot, then punch the circle alongside the handwritten name. The instructions to voters on the top of the ballot state:
(B) Write-in Candidates Section is for anyone wishing to vote for any person whose name is not printed on the ballot.
The "Write-in Candidates Section" near the bottom of the ballot instructs the voter:
USE THIS SECTION ONLY IF YOU HAVE VOTED FOR FEWER THAN THE NUMBERS TO BE ELECTED FOR ANY OFFICE.
WRITE-IN AND PUNCH YOUR OWN CHOICE BUT NOT IN EXCESS OF THE TOTAL NUMBER ALLOWED FOR EACH OFFICE.
Six voters punched in their choice for mayor on the printed portion of the ballot and also wrote in and punched in the same name for mayor on the ballot's write-in section.
The County Board of Elections divided 2-2 on whether the votes should be counted. The Law Division judge, acting as the "tie-breaker" pursuant to N.J.S.A. 19:28-3, held that the votes should not be counted. He read together the statutes regulating paper and electronic ballots and concluded that the election law required him to invalidate these votes.[1] We disagree.
N.J.S.A. 19:53A-7f, governing the conduct of election by electronic ballot provides:
If the voter has cast more votes for an office than he is entitled to vote for, the vote for that office shall be declared null and void and that vote shall not be counted for that office. Votes cast for duly nominated candidates on the ballot card will not be voided because of an invalid write-in vote, but if otherwise valid shall be counted.
N.J.S.A. 19:16-3f, which governs the counting of paper ballots provides:
If a voter marks more names than there are persons to be elected to an office, or writes or pastes the name of any person in the column designated personal choice, whose name is printed upon the ballot as a candidate under the same title of office, or his choice cannot be determined, his ballot shall not be counted for that office, but shall be counted for such other offices as are plainly marked.
*73 We find no inconsistency between these two statutes. The six voters governed by N.J.S.A. 19:53A-7f did not "cast more votes for an office than [the voter] is entitled to vote for." They mistakenly marked the same name twice. Nor would a voter be disenfranchised under N.J.S.A. 19:16-3f if he or she similarly marked a paper ballot, because that voter would not be marking more names than there are persons to be elected to office. The voter would still be voting for one person for one office. Disqualification results when there are different names voted for the same office, or a voter disregards the printed names and writes in the name of someone already on the ballot.
We do not read these statutes to disenfranchise a voter who punches a hole or places a mark next to a candidate's printed name and writes in the name of the same candidate for the same office. A contrary ruling would result in disenfranchising voters who clearly demonstrated an intent to vote for one particular person for one particular office.
We decline to dilute the right to vote granted by our State Constitution to every citizen of the United States eighteen years or older who is a state resident for at least thirty days before the election in which he or she seeks to vote. N.J. Const. of 1947 art. II, para. 3(a). We pointed out in Afran v. County of Somerset, 244 N.J. Super. 229, 581 A.2d 1359 (App. Div. 1990):
Because the right to vote is the bedrock upon which the entire structure of our system of government rests, our jurisprudence is steadfastly committed to the principle that election laws must be liberally construed to effectuate the overriding public policy in favor of the enfranchisement of voters. Id. at 232, 581 A.2d 1359.
Not every improper mark on a ballot renders the vote invalid, only those placed there with the intent to identify or distinguish the ballot or which have that effect. In re Keogh-Dwyer, 85 N.J. Super. 188, 193, 204 A.2d 351 (App.Div. 1964), rev'd on other grounds, 45 N.J. 117, 211 A.2d 778 (1965). The purpose of these statutes is to avoid marking or defacing a ballot in a manner which will either destroy the anonymity of *74 the voter or will cause speculation as to the voter's intent. Matter of Mallon, 232 N.J. Super. 249, 262-63, 556 A.2d 1271 (App.Div. 1989), certif. denied, 117 N.J. 166, 564 A.2d 883 (1989). Permitting these votes to be counted will generate neither speculation nor destruction of anonymity.
Reversed and remanded to the Law Division for entry of an order consistent with this opinion.
NOTES
[1] The votes cast for all other offices and the public questions were counted. Only those votes cast for mayor were rejected.