IN THE MATTER OF ELECTION FOR MAYOR, BOROUGH
OF LAVALLETTE, NOVEMBER 4TH, 1930.

Decided December 15, 1930.

For the applicant, Enoch T. VanCamp et al., *Ira F. Smith.*

For Carl B. Wyncoop, *Applegate, Stevens, Foster &
Reussile.*

BODINE, J. On November 4th, 1930, an election was held
in the borough of Lavalette to fill the office of mayor. The
count showed that one hundred and forty-eight votes had
been cast for Carl B. Wyncoop and one hundred and forty-
six for Enoch T. VanCamp. An order for recount was
entered and the county board of election met and examined
the ballots. The result was that one hundred and fifty-one
votes were counted for Wyncoop and one hundred and fifty-
four votes for VanCamp. By stipulation, the disputed bal-
lots were submitted to the court after counsel had examined
the pertinent authorities. A difference arising as to the sig-
nificance of the total votes cast, by agreement of counsel all
the ballots were again counted by the county board of elec-
tion in the presence of the court on December 2d, last, with
the result that one hundred and fifty-three ballots were
counted for Wyncoop and one hundred and fifty-two for
VanCamp. There were in all three hundred and twenty-
three votes cast.

The sole question reserved was whether any one or more
of the votes rejected should have been counted for VanCamp.

These votes are of substantially the same form. The voter wrote the name of Mr. VanCamp in the place designed for personal choice, but failed to make a cross or plus to the left of the name as required by law.

Chapter 187 of the laws of 1930 is a general revision of the election laws of this state. On page 732, the legislature has provided the instructions to appear at the head of the ballot. These instructions, so far as pertinent, were given at the head of the ballots used at the election in question: "(1) The only kind of a mark to be made on this ballot in voting shall be a cross X or a plus +. (4) To vote for any person whose name is not printed on this ballot write or paste the name of such person under the proper title of office in the column designated Personal Choice and mark a cross X or plus + in the square to the left of the name so written or pasted."

The legislature provided, page 759, paragraph 191, section 26, for the manner in which the votes should designate his personal choice. Article 15, page 764, requires that the votes shall be based on the ballot markings. Paragraph 204, section 3, subdivision D, is as follows: "Where the name of any person is written or pasted in the column designated Personal Choice, and a cross X or plus + appears in the square to the left of such name, it shall be counted as a vote for such person."

Subdivision G, page 765, is as follows: "If the mark for any candidate or * * * is substantially a cross X or plus + and is substantially within the square, it shall be counted for such candidate or * * * as the case may be. No vote shall be counted for any candidate in any column or * * *, unless the mark is substantially a cross X or plus + and is substantially within the square."

It is apparent that the legislative enactment was intended as a general regulation of the whole matter of elections, and that under the legislative scheme no authority exists to count ballots not marked in accordance with law.

The argument in behalf of Mr. VanCamp is that the in-

tention of the voter is defeated by not counting the ballots in which the voter has written in in the column of personal choice the name of his candidate but has failed to mark to the left thereof any plus $+$ or cross X mark. By the form of ballot prevailing in this state, the voter is given ample instructions as to the manner in which he shall express his preference. If he fails so to do, no authority exists to express his purpose.

"The official ballot laws ordinarily provide specifically the manner by which the choice of the voter shall be indicated. These statutory provisions fall into two general groups: (1) Those which require the voter to indicate his choice by separately designating each particular candidate for whom he desires to vote, and (2) those which provide for the grouping of the nominees of each party represented at the election and allowing the whole of such group to be voted for by a single mark placed in a circle following the party name or designation of the particular group. Such requirements are as a general rule held to be mandatory." 20 *Corp. Jur.* 154.

"Under the statutes requiring the voter's choice to be indicated by the placing of a cross mark a ballot which contains no cross mark cannot be counted, even though the voter writes names in the blank spaces therefor." 20 *Corp. Jur.* 156.

"In order to permit the counting of a ballot, the voter's intention must be manifested by a cross substantially in the place designated, showing an honest intent to follow the directions of the law." 20 *Corp. Jur.* 157.

It is apparent from the recount that all the votes which can be counted for both of the candidates have been allocated to each, and the result is that Mr. Wyncoop has been elected mayor of the borough of Lavalette by a majority of one.