SHIRLEY BURDGE, PLAINTIFF-APPELLANT, v. WILLIAM C. ERRICKSON, DEFENDANT-RESPONDENT.

Submitted October 17, 1944—Decided January 4, 1945.

For the appellant, *John S. Conroy, 3rd* (*James M. Davis, Jr.,* of counsel).

For the respondent, *Parsons, Labrecque & Borden* (*Theodore D. Parsons,* of counsel).

The opinion of the court was delivered by

RAFFERTY, J. This appeal is from a judgment of nonsuit entered in the Supreme Court, Burlington Circuit, at the close of plaintiff's case.

The factual situation presented to the trial court upon the motion for nonsuit, giving to plaintiff every favorable inference, was: During May, 1940, plaintiff suffered injuries to his mouth which resulted in the loss of several teeth. In September of that year he attended the office of his attorney, with whom he discussed the matter of settlement of his claim for compensation growing out of the accident. Plaintiff stated to his attorney that, notwithstanding the dental treatment he had already received, he continued to suffer pain in the upper left area of his mouth and that he wished to be examined by another dentist before he would agree to any settlement, whereupon the attorney recommended defendant, a dentist, for this purpose. Plaintiff went to the office of defendant who made the examination requested and in this connection made X-ray plates of plaintiff's mouth. By appointment plaintiff returned to defendant's office several days later and was advised by him "that the X-rays didn't show anything. It was just a local irritation and would clear up in a short time." Relying upon this assurance plaintiff executed a release in settlement of his claim. Plaintiff testified that thereafter he continued to suffer pain in the area complained of and that he suffered also from fatigue and other disorders for a considerable period of time but did nothing about it, relying again upon the assurance of defendant that it was a local irritation and would soon clear up. He testified also that he was obliged to lose time from his employment because of this condition and that he often suffered dizzy spells. In February, 1942, he was accepted for service in the military establishment and while at an army station in Florida the pain in his mouth and face was so severe that he fell unconscious during a military exercise. Upon being examined by army physicians he was hospitalized. He called to the attention of these physicians the condition of his mouth and, after examination, an army dental surgeon removed a tooth fragment from his upper left jaw. After this operation

plaintiff's appetite improved, he experienced less fatigue and weakness, suffered no further dizzy spells, he felt better generally, ceased to suffer from bad breath and gained back the weight which he had lost.

Dr. Willis L. James, a qualified expert, testified on behalf of plaintiff that, just prior to the date of trial, he had examined plaintiff's mouth and the X-ray plates taken by defendant, that the X-ray plate of the involved area plainly showed the existence of the tooth fragment in the gum and that the existence of this tooth fragment could cause a toxic condition to exist in plaintiff's mouth which could result in the several disorders suffered by plaintiff.

Alleging that these illnesses from which he suffered resulted from the negligence·of defendant in failing to advise him of the existence of the tooth fragment and that defendant was otherwise negligent and unskillful in the performance of his services, plaintiff demanded damages of defendant therefor.

Upon defendant's motion for nonsuit the learned trial court concluded that plaintiff had not shown any negligence in defendant, and that, assuming negligence, there was no showing of damage which was the proximate result of that negligence. Defendant's motion was granted and judgment in his favor entered thereon. From this judgment appeal is made.

In his brief for reversal of the judgment entered against him appellant stresses the duty of the physician to use reasonable skill and care in diagnosis and the duty of respondent, under the facts of this case, to reveal his diagnosis to appellant, and asserts that in these matters respondent so failed in his duty to appellant as to constitute, at least *prima facie,* actionable negligence. It is argued also that appellant was misled to his damage by respondent's advice that "the X-rays didn't show anything" and his condition would soon clear up. The proofs, it is said, were to the contrary and this with the added factor that the condition of appellant became progressively worse until the removal of the tooth fragment, made out a case against respondent that should have been submitted to the jury.

Appellant rests his argument exclusively upon reported cases in other jurisdictions and quotations from standard reference works. No effort whatsoever is made to meet our law on the subject as enunciated in *Woody* v. *Keller,* 106 *N. J. L.* 176, and the recent case of *Hull* v. *Plume,* 131 *Id.* 511, wherein it is laid down that proof of negligence on the part of the defendant physician must be based upon expert testimony and that mere mistake or error on the part of the physician is not sufficient to establish actionable negligence.

There is a fatal lack of such expert testimony in the case at bar. In his brief appellant "concedes that the defendant would not be chargeable with negligence for a mere mistake in judgment but that the negligence of the defendant in this case is to be found in the fact that although the tooth fragment in the plaintiff's mouth plainly appeared in the X-ray picture which the defendant himself took and had the opportunity of examining, he failed to discover it and that therefore he did not exercise that degree of care in the discovery of this foreign body that the law imposed upon him." But the most that possibly can be taken from the testimony of Dr. James is that defendant was mistaken or in error in his reading of the X-ray plate. There is nothing in his testimony to suggest that respondent failed to exercise due care or was otherwise negligent in this particular employment. Hence, appellant failed in his necessary proof and the judgment of nonsuit must therefore be affirmed.

This being dispositive of the matter it is unnecessary to consider the dependent alternative ground stated by the learned trial court.

The judgment appealed from is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 12.

*For reversal*—PARKER, DILL, JJ. 2.