32 N.J. Super. 67 (1954)
107 A.2d 825
ELEANOR STEINKE, PLAINTIFF-RESPONDENT,
v.
ISIDORE BELL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 8, 1954.
Decided September 15, 1954.
*68 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Jack A. Skarbnik argued the cause for plaintiff-respondent.
Mr. William E. James argued the cause for defendant-appellant.
The opinion of the court was delivered by CLAPP, S.J.A.D.
Defendant, a dentist, appeals from a judgment against him obtained in the county district court in an action for malpractice. He raises a single question, should the judgment be reversed because of plaintiff's failure to produce expert testimony on the trial.
Defendant removed plaintiff's lower left second molar, as she, the plaintiff, desired. However in the process, so the trial judge found, defendant "extracted or caused to come out" her upper right lateral incisor without her knowledge or consent. *69 This finding of the court turned upon the credibility of the witnesses, and defendant makes little or no effort to upset it. We therefore need not stop to consider the defendant's testimony that plaintiff herself, returning to consciousness from under the gas, seized the cord attached to the mouthprop, yanking out the incisor.
Under the general rule applicable here, a dentist or physician is under a duty to exercise the care and skill normal to the average member of his profession. Ordinarily the question as to what that standard demands of him and whether he has deviated therefrom, must be established by expert testimony. Carbone v. Warburton, 22 N.J. Super. 5 (App. Div. 1952), affirmed 11 N.J. 418 (1953); Hull v. Plume, 131 N.J.L. 511 (E. & A. 1944); Burdge v. Errickson, 132 N.J.L. 377 (E. & A. 1945). However, in the unusual case where it may be said, looking at it in the light of the common knowledge and experience of laymen, that there has been a lapse from such a standard, expert testimony is not required. Carbone v. Warburton, supra; Rogers, Expert Testimony § 165 (3rd ed. 1941); 70 C.J.S., Physicians and Surgeons, 1009. This proposition may be illustrated by cases as to dental malpractice. Vergeldt v. Hartzell, 1 F.2d 633 (C.C.A. 8, 1924); Barham v. Widing, 210 Cal. 206, 291 P. 173 (Sup. Ct. 1930); Nelson v. Parker, 104 Cal. App. 770, 286 P. 1078 (Ct. App. 1930); Ambrosi v. Monks, 85 A.2d 188 (Mun. Ct. App. D.C. 1951); Whetstine v. Moravec, 228 Iowa 352, 291 N.W. 425 (Sup. Ct. 1940); Ellering v. Gross, 189 Minn. 68, 248 N.W. 330 (Sup. Ct. 1933); Griffin v. Norman, 192 N.Y.S. 322 (Sup. 1922); Zettler v. Reich, 256 App. Div. 631, 11 N.Y.S.2d 85 (App. Div. 1939), affirmed 281 N.Y. 729, 23 N.E.2d 548 (Ct. App. 1939); Francis v. Brooks, 24 Ohio App. 136, 156 N.E. 609 (Ct. App. 1926). See Note, Problems of Negligent Malpractise, 26 Va. L. Rev. 919, 925 (1940). Compare the problem arising on the application of the doctrine of res ipsa loquitur to an action of malpractice. 162 A.L.R. 1265, 1291, 1307; Arthur, Res Ipsa Loquitur as Applied in Dental Cases, 15 Rocky Mt. L. Rev. 220 (1943).
*70 We think laymen, looking at this case in the light of their common knowledge and experience, can say that a dentist engaged to remove a lower left second molar is not acting with the care and skill normal to the average member of the profession if, in so doing, he extracts or causes to come out an upper right lateral incisor. Expert testimony was therefore not necessary under the circumstances of this case.
Affirmed.