IN THE MATTER OF THE PETITION OF WALTER C. KEOGH-DWYER, A CANDIDATE FOR THE OFFICE OF MEMBER OF THE VERNON TOWNSHIP COMMITTEE TO CONTEST CERTAIN ERRORS MADE IN THE CANVASS OR COUNT OF VOTES IN THE GENERAL ELECTION OF NOVEMBER 15TH, 1963.

Argued April 13, 1965—Decided June 28, 1965.

Mr. *Frank A. Dolan* argued the cause for appellant, Walter C. Keogh-Dwyer.

Mr. *Donald L. Kovach* argued the cause for respondent, Everett C. Martin (*Messrs. Honig & Kovach,* attorneys).

The opinion of the court was delivered

PER CURIAM. This case involves the November 1963 election for the office of member of the Vernon Township Committee. The trial court in an unreported opinion held the election a tie, Walter C. Keogh-Dwyer and Everett C. Martin each receiving 372 votes, and set the election aside. On appeal, the Appellate Division, one judge dissenting, held that Martin had been duly elected after determining that he had received 371 votes and Keogh-Dwyer 370 votes. *In re Keogh-Dwyer*, 85 *N. J. Super.* 188 (*App. Div.* 1964). Keogh-Dwyer appealed to this Court as of right. *R. R.* 1:2–1(b).

The only point of disagreement between the majority and dissenting opinions in the Appellate Division was whether the designation of a personal choice (commonly called a write-in vote) on a paper ballot is valid where that designation does not include a cross (×), plus (+) or check (✔) in the square to the left of the name written or pasted in.

Martin was the Republican candidate. Amos Phillips was the Democrat candidate. Their names were printed on the paper ballot under their respective party's columns. Keogh-Dwyer, who had been defeated by Martin in the Republican Primary, was a write-in candidate. Fourteen voters wrote or pasted in Keogh-Dwyer's name in the personal choice column but failed to put a proper mark in the square to the left of the name. Both the trial court and the majority in the Appellate Division therefore concluded that these ballots could not be counted for Keogh-Dwyer. They held that under the pertinent election laws and *In re Lavallette*, 9 *N. J. Misc.* 25, 152 *A.* 641 (*Sup. Ct.* 1930) it is mandatory that a voter not only write or paste in his personal choice but also put an adequate mark in the square to the left of the name. The dissent in the Appellate Division concluded that the statutory requirement of a mark next to a write-in candidate's name was directory, not mandatory and that *In re Lavallette, supra,* should be overruled.

We agree with the trial judge and the majority in the Appellate Division for the reasons stated by the majority

opinion. 85 *N. J. Super.*, at *pp.* 200–201. We note that the election laws were generally revised in 1930. *L.* 1930, *c.* 187. Later that year the Supreme Court in *In re Lavallette, supra,* in construing the election laws held that if a voter writes the name of a candidate in the personal choice column but fails to make a proper mark in the box to the left thereof, his vote cannot be counted. The election laws have been amended several times since 1930 but no substantial change[1] has been made in the pertinent requirements of the statutes since *In re Lavallette, supra.* In construing a statute it is to be assumed that the Legislature is thoroughly conversant with its own legislation and the judicial construction placed thereon. *Barringer v. Miele,* 6 *N. J.* 139, 144 (1951). And the construction of a statute by the courts, supported by long acquiescence on the part of the Legislature or by continued use of the same language or failure to amend the statute, is evidence that such construction is in accord with the legislative intent. *Egan v. Erie R. Co.,* 29 *N. J.* 243, 250 (1959) ; *Barringer v. Miele, supra.* We think these rules of statutory construction are particularly applicable to the election laws, a subject matter with which the Legislature is intimately concerned. Therefore, we conclude it is the legislative intent that a personal choice vote should not be counted unless the voter not only writes or pastes in the candidate's name but also makes a proper mark.

The trial court and the majority in the Appellate Division held that Ballot 8 in District 2 could not be counted as a vote for Keogh-Dwyer because the mark made in the box to the left of the candidate's name was not substantially a cross, plus or check. *N. J. S. A.* 19 :15–28 indicates that the above three kinds of marks are required to vote for a candidate. But this requirement is modified by *N. J. S. A.* 19 :16–3 (g)

---

[1] The amendment of 1947, *L.* 1947, *c.* 104, § 5, *pp.* 523–524, added the check-mark indication as a method of completing the personal choice selection. If anything, this amendment tends to show that the Legislature contemplated that a mark was necessary for a vote to be valid.

which states that the vote shall be counted if the mark made is *'substantially'* a cross ✕, plus ✛ or check ✓*"* (emphasis supplied). We have carefully examined the mark in question and have concluded it is adequate to meet the "substantial" test of subsection (g) and therefore should be counted for Keogh-Dwyer.

The additional points raised by the appellant were adequately disposed of by the Appellate Division.

Our disposition of this appeal results in a tie vote, Martin and Keogh-Dwyer each receiving 371 votes. Therefore, the judgment of the Appellate Division is reversed and the judgment of the trial court is reinstated.

JACOBS. J., concurring in result.

*For reversal* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN —7.

*For affirmance*—None.