656 A.2d 5

IN THE MATTER OF THE MUNICIPAL ELECTION HELD ON MAY 10, 1994, FOR THREE POSITIONS ON THE SPARTA TOWNSHIP COUNCIL.

Argued January 18, 1995—Decided April 12, 1995.

554

*Gary A. Kraemer* argued the cause for appellant, Richard W. Webster (*Daggett & Kraemer*, attorneys).

*Donna Kelly*, Deputy Attorney General, argued the cause for respondent Sussex County Board of Elections (*Deborah T. Poritz*, Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

POLLOCK, J.

Petitioner, Richard W. Webster, a write-in candidate for one of three positions on the Sparta Township Council, challenges the disallowance of fifteen ballots on which voters ostensibly wrote his name but failed to punch a corresponding hole in an electronic voting card. The Sussex County Board of Elections (Elections Board) disallowed the ballots, and petitioner filed an action in the Law Division to determine whether these ballots and others should be counted. The Law Division disallowed the ballots. In an unreported decision, the Appellate Division affirmed. We granted Webster's petition for certification, 137 *N.J.* 313, 645 *A.*2d 142 (1994), and now affirm.

I

On May 10, 1994, pursuant to *N.J.S.A.* 40:45–7, Sparta Township, a municipality organized under *N.J.S.A.* 40:69A–1 to –210, held an election for three seats on the Township Council. Petitioner mounted a vigorous write-in campaign for one of those seats.

Three other candidates, Christopher Blaicher, George Dykstra, and Dorothy Witte, qualified for the pre-printing of their names on the ballot, a rectangular voting card (see Appendix A). Beneath the pre-printed names appeared three spaces for voters to write in the names of other candidates, such as petitioner. Opposite each pre-printed name and each write-in space appeared a plus (+) sign in a small square box.

Repeating instructions prominently posted in each voting booth, the ballot card instructed voters to punch out the plus sign opposite the name of the chosen candidate and insert the card into the ballot machine. The instructions further stated that to vote for an unlisted candidate, the voter, before inserting the card, must write the candidate's name in the provided space and punch

out the corresponding plus sign to the right of that name. Voters could cast up to three votes.

The ballot card instructions provided in relevant part:

### INSTRUCTIONS TO VOTERS

A. To vote for a candidate, punch a hole in the square at the right of your choice. Do not vote for more candidates than are to be elected to any office.

B. To vote for any person whose name is not printed on this ballot, write name in blank space and punch hole in square at right of your choice, but not in excess of the total number allowed for each office.

Nine hundred sixty voters, including those submitting absentee ballots, voted. The Elections Board tabulated the results: 712 votes for Dykstra; 617 votes for Witte; 457 votes for Blaicher; and 447 votes for petitioner. Petitioner filed an action in the Law Division, contesting the election and seeking a recount. The Law Division ordered the Elections Board to conduct a recount both by machine and by hand.

The Elections Board determined that voters cast 458 votes for Blaicher and 435 votes for petitioner. Included in the votes credited to petitioner were votes cast for Richard Webster, R. Webster, Webster, Mr. Webster, or W. Webster. Also included were two ballots on which voters wrote petitioner's name and an "X" in the box to the right, without punching out the appropriate hole. The Elections Board also discovered nineteen ballots that it had not originally counted for petitioner because the voters had misspelled petitioner's name or written in an incorrect first name. The Elections Board did not credit petitioner with the fifteen ballots that form the basis of this appeal. On these ballots, voters had specified either "Richard Webster" (eleven votes), "D. Webster" (one vote), "R. Webster" (two votes), or "Mr. Webster" (one vote) as a write-in choice, but had not punched out the hole opposite the square for the write-in name.

Blaicher argued that petitioner should not be credited with the fifty-seven votes marked only "Webster," the nineteen votes marked with variations of petitioner's name, or the fifteen improp-

erly executed ballots. The parties stipulated that only two registered voters in Sparta had the surname "Webster"—petitioner and his mother, Mary Jane Webster, who has never been active in local politics. Consequently, the trial court credited petitioner with the fifty-seven ballots containing only the surname "Webster." The court further credited petitioner with eighteen of the nineteen ballots listing some variant of his name, such as Robert Webster or Weber. It declined to credit petitioner with a ballot indicating only the name "Richard."

The court, however, refused to count the improperly executed ballots without the punched hole adjacent to the write-in name. Accordingly, it determined that voters had cast 453 votes for petitioner and 458 votes for Blaicher. Thus, Blaicher finished third and was entitled to the council seat.

Petitioner appealed, contending that he should have been credited with the fifteen ballots. Blaicher cross-appealed, contending that the Law Division should not have credited petitioner with the fifty-seven ballots bearing only the surname "Webster" or the eighteen ballots listing variations of petitioner's name. The Appellate Division agreed that petitioner should not be credited with the fifteen improperly executed ballots, determined that the cross-appeal was moot, and affirmed. Petitioner sought review of the disallowance of the fifteen votes. No one cross-appealed. Hence, the only question before us is the validity of the fifteen ballots not credited to Webster.

## II

■ The critical issue is whether a ballot card on which a voter has written in the name of a candidate without punching out the hole next to that name constitutes a valid vote for the write-in candidate. To resolve this issue, we turn to the statute controlling the electronic tabulation of ballots. The relevant statute provides in part:

> In elections in which voters are authorized to vote for persons whose names do not appear on the ballot, at the discretion of the county board of elections ... (2)

provisions shall be made for the voter to write the name of the person or persons for whom he wishes to vote on the ballot card in the location designated and to punch the ballot card in the location provided.

[N.J.S.A. 19:53A–5e.]

The legislative mandate is clear. For a write-in vote to count, writing in the candidate's name will not suffice. A voter must both write in the name of the candidate and punch the ballot card. Contrary to petitioner's arguments, a voter does not satisfy the statute by writing the candidate's name without punching the ballot. The voter must "punch the ballot card in the location provided."

We are unpersuaded by petitioner's reliance on *N.J.S.A.* 19:16–3d, which pertains to counting paper ballots. That statute provides: "Where the name of any person is written or pasted in the column designated personal choice, and a cross X, plus + or check √ appears in the square to the left of the name, it shall be counted as a vote for such person."

Petitioner claims that the pre-printed plus sign on the ballot card complies with the statutory requirement. We disagree. *N.J.S.A.* 19:16–3d contemplates not that a paper ballot would bear a pre-printed "cross X, plus + or check √," but that the voter would place one of those marks opposite the name of a write-in candidate. As with an electronic ballot, the Legislature contemplates that the voter will take action other than merely writing in the candidate's name. Here, moreover, we are concerned not with paper, but electronic, ballots. *N.J.S.A.* 19:16–3d does not apply.

In analyzing section 19:53A–5e(2), as when construing all statutes, our goal is to ascertain the intent of the Legislature. *Lesniak v. Budzash,* 133 *N.J.* 1, 8, 626 *A.*2d 1073 (1993). Because the regulation of elections is exclusively a legislative matter, courts, even when they question the wisdom of legislation, must respect the legislative scheme. *Sharrock v. Keansburg,* 15 *N.J.Super.* 11, 16–17, 83 *A.*2d 11 (App.Div.1951). Tempering that respect is the canon of statutory construction that courts should construe liberally election laws to avoid depriving voters of the

right to vote. *Kilmurray v. Gilfert,* 10 *N.J.* 435, 440, 91 *A.*2d 865 (1952). Courts construe election laws liberally, however, not to achieve goals of their own but to effectuate the underlying legislative purpose.

Thirty years ago we held in *In re Keogh–Dwyer,* 45 *N.J.* 117, 119, 211 *A.*2d 778 (1965), that "it is mandatory that a voter not only write or paste in [the name of a write-in candidate] but also put an adequate mark in the square to the left of the name." Although *Keogh–Dwyer* concerned paper ballots and the present case concerns electronic ballots, the requirement for marking applies as readily to electronic as to paper ballots. The principle is that voters, to exercise their franchise, must comply with a statutory requirement to do more than merely write the name of the candidate, whether the additional action is making a specific mark, as in *Keogh–Dwyer,* or punching a hole, as in the present case.

Legislative acquiescence in the interpretation of a statute for three decades provides some assurance that our interpretation comports with the intent of the Legislature. *See Lemke v. Bailey,* 41 *N.J.* 295, 301, 196 *A.*2d 523 (1963) ("The construction of a statute by the courts, supported ... by continued use of the same language or failure to amend the statute, is evidence that such construction is in accordance with legislative intent.... The persuasive effect of such legislative inaction is increased where the statute has been amended after a judicial construction without any change in the language so interpreted."). In the three decades since we decided *Keogh–Dwyer,* the Legislature has authorized the use of electronic-voting systems, *see L.* 1973, *c.* 82, and eliminated the requirement that voters use a black pen or pencil to cast a write-in ballot. *See L.* 1994, *c.* 77. In neither amendment has the Legislature touched our holding that the election laws require voters to do more than merely designate the name of their chosen candidate. Consequently, we conclude that our construction of the election laws comports with the legislative intent.

Practical considerations support that construction. The requirement that the voter both write the candidate's name and punch a hole in the electronic card necessarily hinders election fraud and protects the integrity of the ballot. Moreover, perhaps in recognition that voters might change their minds, the Legislature included the requirement of punching the ballot to identify an act that unambiguously expresses the voters' final choice. Further, the requirement eliminates the need for visual inspection of every ballot and permits a more efficient tabulation of electronic ballots.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice WILENTZ, and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7

*Opposed*—None.

# APPENDIX A
## OFFICIAL MUNICIPAL ELECTION BALLOT
### TUESDAY, MAY 10, 1994
### TOWNSHIP OF SPARTA–COUNTY OF SUSSEX

● *Miriam Tower*

MIRIAM TOWER, Township Clerk

**INSTRUCTIONS TO VOTERS**

(A) To vote for a candidate, punch a hole in the square at the right of your choice. Do not vote for more candidates than are to be elected to any office.

(B) To vote for any person whose name is not printed on this ballot, write name in blank space and punch hole in square at right of your choice, but not in excess of the total number allowed for each office.

(C) If you tear, soil, deface or erroneously punch this ballot card, return it to the District Election Personnel and obtain another ballot.

## 4076

To be torn off by the member of the board of registry and election.

Important: Line-up Arrows Before Punching Card

| For Township Council Member (Four Year Term) | | (Vote for Three) | |
|---|---|---|---|
| CHRISTOPHER Y. BLAICHER | Financially Conservative Environmentally Responsible ➤ | | ✦ |
| GEORGE DYKSTRA JR. | Hold Taxes Down ➤ | | ✦ |
| DOROTHY WITTE | ➤ | | ✦ |
| | | Write-In ➤ | ✦ |
| | | Write-In ➤ | ✦ |
| | | Write-In ➤ | ✦ |

**FOR FOUR YEAR TERM
VOTE FOR THREE**

MIRIAM TOWER, Township Clerk

TOWNSHIP OF SPARTA

END OF BALLOT