701 A.2d 439

COMMITTEE TO RECALL THERESA CASAGRANDE FROM THE OFFICE OF SPRING LAKE HEIGHTS SCHOOL BOARD MEMBER; ANNETTE M. SMITH; BETH BERNARDO AND JOANNE KUCINSKI, PLAINTIFFS–APPELLANTS, v. THERESA CASAGRANDE; CLAIRE BARRETT, CLERK OF THE BOROUGH OF SPRING LAKE HEIGHTS; LINDA DALY, ASSISTANT SECRETARY OF THE BOARD OF EDUCATION OF THE BOROUGH OF SPRING LAKE HEIGHTS; CLAIR FRENCH, CLERK OF THE COUNTY OF MONMOUTH; AND BERTHA SUMICK, SPECIAL DEPUTY CLERK OF THE COUNTY OF MONMOUTH, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 8, 1997—Decided September 25, 1997.

Before Judges HAVEY, NEWMAN and COLLESTER.

*Kenneth E. Pringle* argued the cause for appellants (*Pringle & Quinn,* attorneys; *Mr. Pringle,* of counsel and *Mr. Pringle* and *Jennifer S. Brogus,* on the brief).

*Thomas M. Comer* argued the cause for respondent Theresa Casagrande (*Rudnick, Addonizio, Pappa & Comer,* attorneys; *Mr. Comer,* of counsel and on the brief).

The opinion of the court was delivered by

NEWMAN, J.A.D.

Plaintiff, Committee to Recall Theresa Casagrande (Committee), appeals from the denial to hold a recall election on the ballot of the general election to be held on November 4, 1997. We affirm.

These are the facts. Theresa Casagrande serves as a member and chairperson of the school board for the Borough of Spring Lake Heights. She was elected to a three year term in April 1995. She is in the final year of her term. The Committee has already been unsuccessful in its effort to have her recall placed on the ballot for the school election held this past April. As a consequence, this appeal is limited to the issue addressed by Judge Lehrer barring the placement of the recall election on the ballot of the general election scheduled for November 4.

The specific basis for denying placement of the recall vote on the ballot of the November general election is the following prohibition contained in *N.J.S.A.* 19:27A–13a(2):

> The date for a recall election shall not be fixed, and no recall election shall be held, after the date occurring six months prior to the general election or regular election for the office, as appropriate, in the final year of an official's term.

Parallel language also appears in *N.J.S.A.* 19:27A–4a, which reads in pertinent part:

No election to recall an elected official shall be held after the date occurring six months prior to the general election or regular election for that office, as appropriate, in the final year of the official's term.

It is undisputed that Casagrande's term ends April 21, 1998. Thus, the general election of November 4, 1997 occurs less than six months before the end of her term.

In concluding that the recall election cannot be placed on the general election ballot of November 4, 1997, Judge Lehrer found that the provisions of both *N.J.S.A.* 19:27A–4a and 19:27A–13a clearly and unambiguously prohibit the holding of a recall election within the last six months of an elected official's term. 304 *N.J.Super.* 496, 510, 701 *A.*2d 478 (Law Div.1997). He concluded that tax dollars should not be utilized to hold an additional election when, in less than six months, the public will have its opportunity to vote on the particular official or office involved. *Id.* at 510–511, 701 *A.*2d 478.

On appeal, the Committee argues that the general election is less than six months from the timing of the school board election but more than six months from the election of other municipal officials. They reason from this difference in timing that municipal officials could be recalled at the general election but that school board officials could not and, therefore, the statutory provision should be relaxed.

Regardless of the difference in timing when the municipal and school board elections are held, the statutory mandate may have the effect of prohibiting the one and not the other. Nonetheless, the statutory language is unequivocal in its statement. We see no basis to read the statute other than in the mandatory and unambiguous terms used by the Legislature. *See In re Municipal Election,* 139 *N.J.* 553, 558, 656 *A.*2d 5 (1995) (stating that, because the regulation of elections is exclusively a legislative matter, courts must respect the legislative scheme). If there is to be any relaxation in the six month prohibition, that

relief should be sought from the Legislature and not from the courts.[1]

The Committee also contends that the window of opportunity within which to effectuate the recall process must occur within a one and a half year time span of this elected official's three year term. The first year of the elected official's term is barred from recall by the constitutional proviso itself. *See N.J. Const.* art. 1, ¶ 2b. Additionally, *N.J.S.A.* 19:27A–4a and 27A–13a(2) prohibit a recall election within six months of the end of the term. The Committee asserts that the last six months should, therefore, be relaxable in order to allow the recall process to occur.

We disagree. As pointed out, the statutory language is unequivocal in its prohibition. *See N.J.S.A.* 19:27A–4a & 27A–13a(2). Moreover, the six month period is not too long to wait in order to vote the elected official out of office assuming reelection is sought, if that is what the electorate decides to do. If the recall process has not already taken place, we fail to see why it should be brought so close to the expiration of the office-holder's term. The electorate will have its opportunity to vote soon enough without incurring the expense of any additional costs, either through a special election within the last six months or at the general election if it occurs less than six months before the office-holder's term expires.

We are satisfied that Judge Lehrer has correctly addressed the sole issue presented to us and affirm on this specific issue substan-

---

[1] The Committee's counsel has expressly told us that the Committee is not challenging the constitutionality of the Uniform Recall Election Law, *N.J.S.A.* 19:27A–1 *et seq.* enacted on May 17, 1995, which is the legislative implementation of the constitutional amendment which authorizes the recall process. *See N.J. Const.* art. I, ¶ 2b. We therefore have no occasion to address the constitutionality of any provision adopted by the Legislature in the implementation of the constitutional amendment effective January 1, 1994 respecting the power to recall elected officials in this state. Parenthetically, we note that the Attorney General was never notified of any purported constitutional challenge as required by court rule. *R.* 2:5–1(h).

tially for the reasons expressed by him in his written opinion of March 5, 1997.

Affirmed.