721 A.2d 1036 (1998)
Louis A. JANELLI, Sr. and Ellen Janelli, Plaintiffs,
v.
Lester F. KEEPER, D.C., Defendant.
Superior Court of New Jersey, Law Division (Civil), Atlantic County.
Decided June 5, 1998.
*1037 Richard L. Press, Northfield, for plaintiffs (Preses & Long, attorneys).
Charles C. Koernig, Pleasantville, for defendant (Paarz, Master, Koernig, Crammer, O'Brien, Bishop & Horn, attorneys).
DONIO, J.S.C.
This matter comes before the court on defendant's motion to dismiss plaintiff's complaint for failure to comply with the affidavit of merit statute N.J.S.A. 2A:53A-26 to -29.
The plaintiff's complaint alleges that on September 3, 1996, the defendant used excessive force which resulted in two left-sided ribs being fractured during a chiropractic manipulation. Plaintiff has asserted the doctrine of res ipsa loquitur and contends that a chiropractic expert is unnecessary given the facts of this case.
It is undisputed that the affidavit of merit as required under N.J.S.A. 2A:53A-27 was not provided within sixty days after the filing of the answer. The defendant filed a motion to dismiss for that failure on July 22, 1997. The plaintiff filed a motion to extend the sixty day requirement on August 6, 1997, along with an affidavit of merit from a chiropractor on the same date. Those motions were held in abeyance pending the Supreme Court's ruling in Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 708 A.2d 401 (1998).
During the pendency of those motions, defendant filed a motion seeking summary judgment as the plaintiff did not produce an expert report by the discovery end date in November 1997. That motion was heard by the court in December 1997. The plaintiff argued that he was ready to proceed to trial under a theory of res ipsa loquitur or the common knowledge doctrine. The court denied defendant's motion and determined that an expert was not necessary under the facts of this case. The court ruled that based on Klimko v. Rose, 84 N.J. 496, 422 A.2d 418 (1980) and Mascarenas v. Gonzales, 83 N.M. 749, 497 P.2d 751, 753 (N.M.Ct.App.1972) a jury could use common knowledge and experience to enable them to conclude that a duty of care had been breached. Klimko, supra 84 N.J. at 504, 422 A.2d 418. In Mascarenas, supra 497 P.2d at 754, the court held that in a malpractice action against a chiropractor in which a patient's ribs had been broken, expert testimony was not needed to prove the standard of care required of the defendant, or to establish the causal connection between the injury and the patient's pain and suffering. The court held that should the condition be such that knowledge about it is peculiarly within that of medical men, a court should not allow a jury to conjecture or *1038 speculate about the matter. A manipulation of the spine which results in four fractured ribs, is not a condition peculiarly within the knowledge of medical men. Id. at 752.
In the present summary judgment motion, defendant seeks to have the complaint dismissed, since the plaintiff did not file the affidavit of merit within the initial sixty days after the answer was filed. At the oral argument heard on May 29, 1998, counsel for the plaintiff stated unequivocally that he intended to try this case to a jury without the use of an expert in accordance with the denial of the summary judgment motion previously filed by the defendant on those grounds. The primary issue before the court is whether a plaintiff who does not intend to utilize an expert in a malpractice case but intends to rely upon common knowledge or res ipsa loquitur is required to comply with the affidavit of merit statute. A secondary issue is whether or not a plaintiff who does not file the affidavit of merit within sixty days after filing of an answer is required to seek an extension within that initial sixty day time period. The issues both appear to be one of first impression under the affidavit of merit statute. That statute states:
In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause. The person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidence by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

[N.J.S.A. 2A:53A-27.].
The Supreme Court held in In re Hall, 147 N.J. 379, 688 A.2d 81 (1997) that the legislative history pertinent to the affidavit of merit statute supports the conclusion that its purpose was to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation. Id. at 391, 688 A.2d 81. Therefore, one does not need an affidavit of merit if the court can determine a case has merit by applying both common knowledge and common sense. However, a plaintiff who does not file an affidavit of merit and is not successful in persuading a court that an expert is not necessary runs the risk of having their case dismissed for failure to state a cause of action under N.J.S.A. 2A:53A-29.
Generally, a court's duty in construing a statute is to determine the intent of the Legislature. Twp. of Stafford v. Stafford Twp. Zoning Bd. of Adjustment, 299 N.J.Super. 188, 690 A.2d 1043 (App.Div. 1997) (quoting AMN, Inc. v. South Brunswick Twp. Rent Leveling Bd., 93 N.J. 518, 525, 461 A.2d 1138 (1983)). To determine the legislative intent, courts turn first to the language of the statute.... "If the language is plain and clearly reveals the meaning of the statute, the court's sole function is to enforce the statute in accordance with those terms." New Jersey Dep't of Law and Pub. Safety v. Bigham, 119 N.J. 646, 651, 575 A.2d 868 (1990). However, this Court has noted that where it is clear that the drafters of a statute did not consider or even contemplate a specific situation, this Court has adopted as an established rule of statutory construction the policy of interpreting the statute "consonant with the probable intent of the draftsman had he anticipated the situation *1039 in hand." AMN, Inc., supra, 93 N.J. at 525, 461 A.2d 1138 (citation omitted).
[Stafford v. Stafford Twp. Zoning Bd. of Adjustment, 154 N.J. 62, 71-2, 711 A.2d 282 (1998).]
It makes no sense to allow a plaintiff to proceed to trial without the necessity of expert testimony, yet require that same plaintiff to file an affidavit of merit prior to discovery commencing in a particular matter. Therefore, it seems that the Legislature in enacting the affidavit of merit statute did not contemplate the very limited circumstances present in this case under which a plaintiff may proceed in a malpractice case, never intending to utilize an expert at the time of trial based on facts and circumstances clearly within the common knowledge of the average juror. It would seem redundant and unnecessary to require a plaintiff to spend the funds necessary to hire such an expert when he or she never intends to utilize that expert at the time of trial.
This court concludes that in a res ipsa loquitur or common knowledge case where expert testimony will not be utilized and is not required at trial, the affidavit of merit statute does not apply. This will result in a cost savings to plaintiff when it is determined that expert testimony is not necessary, yet still allows plaintiff the right to have their case decided by a jury of their peers.
This court does not find it necessary to reach the issue of whether or not the motion to extend the sixty day requirement to file the affidavit of merit was timely submitted after the initial sixty day time period expired after the answer was filed.
Accordingly, defendant's motion for summary judgment is denied. This matter shall proceed to trial and plaintiff is precluded from offering any expert testimony in accordance with previous rulings of this court.