751 A.2d 1055 (2000)
331 N.J. Super. 283
Nina HUBBARD, as Guardian Ad Litem of Nia Hubbard, her minor child, Plaintiff-Appellant,
v.
Joseph REED, D.D.S, Defendant-Respondent, and
Robert Kardon, D.D.S., Defendant.
Superior Court of New Jersey, Appellate Division.
Submitted April 17, 2000.
Decided May 15, 2000.
*1057 Edward J. Crisonino, Cherry Hill, for plaintiff-appellant.
Mintzer, Sarowitz, Zeris & Ledva, for defendant-respondent (Kimberly A. Jubanyik, on the brief).
Before Judges PETRELLA, CONLEY and BRAITHWAITE.
*1056 The opinion of the court was delivered by BRAITHWAITE, J.A.D.
In this dental malpractice appeal, we must determine whether an affidavit of merit, N.J.S.A. 2A:53A-27, must be filed in a malpractice action in which plaintiff intends to rely on either common knowledge and experience or res ipsa loquitor to establish her claim and therefore not present expert testimony. See Klimko v. Rose, 84 N.J. 496, 503, 422 A.2d 418 (1980). Plaintiff Nina Hubbard filed suit against defendants, asserting that defendant Joseph Reed, D.D.S., extracted the wrong tooth from the minor plaintiff, Nia Hubbard. Plaintiff contends that because the negligence of defendants is so clear, no expert testimony is required to establish liability.
After defendants filed an answer, they moved for summary judgment because plaintiff had not filed an affidavit of merit "within 60 days following the date of filing" of defendants' answer. N.J.S.A. 2A:53A-27. Plaintiff opposed the motion on the ground that since no expert was required to establish liability, an affidavit of merit was not required. Plaintiff relied on Janelli v. Keeper, 317 N.J.Super. 309, 721 A.2d 1036 (Law Div.1998), to support her position. In Janelli, the Law Division determined that an affidavit of merit was not required in a res ipsa loquitor or common knowledge case. 317 N.J.Super. at 313, 721 A.2d 1036. Here, the motion judge concluded that an affidavit of merit was required in such a case and therefore granted defendants' motion. Plaintiff appeals. We hold that an affidavit of merit is required in a common knowledge or res ipsa loquitor case and now affirm.[1] In so doing, we overrule the holding in Janelli v. Keeper.

*1058 I
Because this is an appeal from the award of summary judgment to defendants, we present the facts in the light most favorable to plaintiff. See Strawn v. Canuso, 140 N.J. 43, 48, 657 A.2d 420 (1995). We also accept, without deciding, that this is a case in which plaintiff can establish her claim by common knowledge. Nia Hubbard was referred by her orthodontist to defendant Robert Kardon, D.D.S., for the extraction of the manibular left lateral incisor. Dr. Kardon did not remove the tooth; rather, he referred plaintiff to his associate, Joseph Reed, D.D.S. Instead of extracting the incisor, as directed by the orthodontist, Dr. Reed extracted the manibular left second bicuspid.
Following the extraction of the wrong tooth, Nia Hubbard, through her mother Nina Hubbard, as guardian ad litem, commenced this litigation for dental malpractice against Drs. Reed and Kardon. Ultimately, as noted, supra, defendants moved for and were granted summary judgment because plaintiff failed to file an affidavit of merit.
In granting defendants' motion for summary judgment, the motion judge concluded that in enacting the affidavit of merit statute, N.J.S.A. 2A:53A-26 to -29, the Legislature did not exempt common knowledge malpractice cases from the ambit of the statute. The judge noted that the purpose of requiring the affidavit is to eliminate frivolous suits, which is a separate and preliminary step to presenting the proofs of the case at trial. Thus, the affidavit of merit does not serve the same purpose as expert testimony that would be presented as proof of plaintiff's claim. The judge determined that without the expert affidavit, plaintiff's lawyer would assess the merits of the claim and that such a result frustrates the objective of the statute, which is to dispose of frivolous lawsuits early in the litigation. We agree with the motion judge's analysis.

II
The common knowledge doctrine applies to professional malpractice actions in which defendant's negligence is not related to a matter outside the scope of knowledge of the average person. Rosenberg v. Cahill, 99 N.J. 318, 324, 492 A.2d 371 (1985). Thus, at trial, the jury must determine, through "its common knowledge and experience, the standard of care by which to judge defendant's conduct." Model Jury Charge, Medical Malpractice § 5.36. This differs from the typical malpractice case, in which the standard of care is furnished by expert "testimony of persons who are qualified by their training, study and experience to give their opinions on subjects not generally understood by persons ... who lack such special training or experience." Ibid. Regardless of the manner in which the standard of care is established, the ultimate issue is one of professional malpractice, and the jury must determine that a medical professional has deviated from the ordinary standard of care. See Chin v. St. Barnabas Medical Center, 160 N.J. 454, 469-70, 734 A.2d 778 (1999).
It is undisputed that the affidavit of merit statute applies to malpractice actions against dentists. N.J.S.A. 2A:53A-26(d). Three sections of the statute inform our judgment that it applies to common knowledge cases. The first provides:
In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following *1059 the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause. The person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.
[N.J.S.A. 2A:53A-27 (emphasis added).]
The second section sets forth the circumstances under which no affidavit of merit is required:
An affidavit shall not be required pursuant to [N.J.S.A. 2A:53A-27] if the plaintiff provides a sworn statement in lieu of the affidavit setting forth that: the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; a written request therefor along with, if necessary, a signed authorization by the plaintiff for release of the medical records or other records or information requested, has been made by certified mail or personal service; and at least 45 days have elapsed since the defendant received the request.
[N.J.S.A. 2A:53A-28.]
The third section addresses the consequence of a failure to file an affidavit or the statement provided in lieu thereof:
If the plaintiff fails to provide an affidavit or a statement in lieu thereof, pursuant to [N.J.S.A. 2A:53A-27 or N.J.S.A. 2A:53A-28], it shall be deemed a failure to state a cause of action.
[N.J.S.A. 2A:53A-29.]
In construing a statute, the first step is to examine the provisions of the legislative enactment "to ascertain whether they are expressed in plain language that, in accordance with ordinary meaning, clearly and unambiguously yields only one interpretation." Richard's Auto City, Inc. v. Director, Div. of Taxation, 140 N.J. 523, 531, 659 A.2d 1360 (1995). "When engaging in this analysis, if the Legislature has not provided otherwise, words are to be given `ordinary and well-understood meanings.'" Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 231, 708 A.2d 401 (1998) (quoting Manalapan Realty, L.P. v. Township Comm. of Manalapan, 140 N.J. 366, 383-84, 658 A.2d 1230 (1995)). The Legislature directs that:
[i]n the construction of the laws and statutes of this state, both civil and criminal, words and phrases shall be read and construed with their context, and shall, unless inconsistent with the manifest intent of the legislature or unless another or different meaning is expressly indicated, be given their generally accepted meaning, according to the approved usage of the language.
[N.J.S.A. 1:1-1.]
Here, we are satisfied that the plain language of the statute mandates an affidavit of merit in all professional malpractice claims. The statute requires that plaintiff file an affidavit of merit in "any action for damages ... resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation." N.J.S.A. 2A:53A-27 (emphasis added). The statute does not direct that the word "any" be construed in a manner *1060 contrary to its ordinary meaning. Moreover, the context in which the word is used does not indicate a definition other than its ordinary and well-understood meaning. The word "any" is defined as "all [and] used as a function word to indicate the maximum or whole of a number or quantity." Webster's Third New International Dictionary (unabridged 1971). Thus, as used in the statute, and given its common meaning, the phrase "any action" refers to all actions governed by the statute, and not expressly excepted by the statute. Cf. Higgins v. Pasack Valley Hosp., 158 N.J. 404, 419, 730 A.2d 327 (1999).
When the statutory language is clear, "the court's sole function is to enforce the statute in accordance with those terms." Phillips v. Curiale, 128 N.J. 608, 618, 608 A.2d 895 (1992). A "court has no power to substitute its own idea of what a statute should provide in the face of clear and unambiguous statutory requirements." Committee to Recall v. Casagrande, 304 N.J.Super. 496, 510, 701 A.2d 478 (Law Div.), aff'd, 304 N.J.Super. 421, 701 A.2d 439 (App.Div.1997); see In re Election Held on May 10, 1994, 139 N.J. 553, 559, 656 A.2d 5 (1995). The clear statutory requirement of N.J.S.A. 2A:53A-27 is that an affidavit of merit is required in all malpractice cases regardless of the method of proving the claim. There is no ambiguity in the mandatory language of N.J.S.A. 2A:53A-27. To construe N.J.S.A. 2A:53A-27 so that it does not apply to common knowledge cases is to "read out an express provision" of the statute. Delaware River Port Auth. v. Hughes, 46 N.J. 451, 455, 217 A.2d 865 (1966). This a court may not do.
It is well established that absent a contrary legislative intent, statutory language should be given its ordinary meaning. Chase Manhattan Bank v. Josephson, 135 N.J. 209, 224, 638 A.2d 1301 (1994) (citation omitted). However, "it is also true that the surest way to misinterpret a statute or a rule is to follow its literal language without reference to its purpose." Viacom Int'l Inc. v. Federal Communications Comm'n, 672 F.2d 1034, 1040 (2d Cir.1982) (citing Guiseppi v. Walling, 144 F.2d 608, 624 (2d Cir.1944) (Hand, J., concurring), aff'd sub nom., Gemsco, Inc. v. Walling, 324 U.S. 244, 65 S.Ct. 605, 89 L.Ed. 921 (1945)). Here, the plain meaning of the statute evidences the legislative intent. The specific language used by the Legislature compels the conclusion that the affidavit of merit statute applies to common knowledge cases, and the legislative purpose of the statute compels a similar result.
Our Supreme Court has addressed the purpose of the statute, stating that "[t]he overall purpose of the statute is `to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation.'" Cornblatt, 153 N.J. at 242, 708 A.2d 401 (citing In re Petition of Hall, 147 N.J. 379, 391, 688 A.2d 81 (1997)). Given this purpose, the affidavit of merit statute serves a gate-keeping function so that only those cases that meet a threshold of merit proceed through the litigation stream. See Peter Verniero, Chief Counsel to the Governor, Report to the Governor on the Subject of Tort Reform 10, 11 (Sept. 13, 1994). This is a policy decision made by the Legislature in an attempt to weed out from the litigation stream those cases that do not meet a preliminary threshold.
The fact that a plaintiff intends to prove his or her claim without the benefit of expert testimony does not abrogate the legislative policy choice of meeting a threshold of merit in the early stage of the litigation. Put another way, the Legislature can clearly choose to require that such a plaintiff establish a threshold of merit even though plaintiff does not intend to use an expert. The Legislature has determined that an appropriate licensed professional in the given field must attest to the claim. If a plaintiff does not obtain an appropriate expert's affidavit, the result *1061 is that plaintiff, or plaintiff's counsel, is attesting to the merit of the claim. The Legislature clearly did not intend such a result.
This conclusion is supported by the language of N.J.S.A. 2A:53A-29, which provides that the failure to provide the affidavit or satisfy the exception in N.J.S.A. 2A:53A-28 "shall be deemed a failure to state a cause of action." N.J.S.A. 2A:53A-29. Again, the sanction of dismissal for failure to state a claim is the legislative policy choice to weed out meritless claims early in the litigation. The affidavit of merit statute "is not concerned with the ability of plaintiffs to prove the allegation contained in the complaint," but with whether there is some objective threshold merit to the allegations. Printing Mart-Morristown v. Sharp Electronics, Corp., 116 N.J. 739, 746, 563 A.2d 31 (1989). Only the "affidavit of an appropriate licensed person" satisfies the merit requirement. N.J.S.A. 2A:53A-27.
The affidavit of merit and the method a plaintiff intends to use to prove his or her claim are distinct. The affidavit establishes a threshold of merit, while plaintiff's proofs are a function of the law of evidence, which "regulates the burden of proof, admissibility, relevance and the weight and sufficiency of what should be admitted into the record of a legal proceeding." Black's Law Dictionary 576 (7th ed.1999). One can argue that it makes little sense to require an affidavit of merit in a common knowledge case when plaintiff does not intend to use expert testimony to establish the claim. The wisdom of the statute, however, is a legislative judgment. If there is to be any change in this regard, it must come from the Legislature. A court does not have the power or authority to alter the plain language of a statute because it questions the logic of the statute. See Casagrande, 304 N.J.Super. at 510, 701 A.2d 478.
Moreover, we can envision a situation in which a plaintiff believes early on that his or her claim is a common knowledge case and therefore does not file the requisite affidavit, only to learn after discovery is completed, long after the time frame for filing an affidavit of merit has expired, that an expert will be required to prove the case. In this situation plaintiff's complaint would be dismissed because the deadline for filing the affidavit would have passed. As the trial court observed in Janelli:
[O]ne does not need an affidavit of merit if the court can determine a case has merit by applying both common knowledge and common sense. However, a plaintiff who does not file an affidavit of merit and is not successful in persuading a court that an expert is not necessary runs the risk of having [his or her] case dismissed for failure to state a cause of action under N.J.S.A. 2A:53A-29.
[317 N.J.Super. at 312, 721 A.2d 1036.]
The risk of having a case dismissed because no affidavit was filed is easily avoided. A timely filed affidavit would prevent the risk of a later dismissal.
We cannot perceive that obtaining an affidavit of merit in a common knowledge case would be so expensive as to render the cost prohibitive when compared to the risk of the dismissal of a meritorious claim because a plaintiff discovers too late that expert testimony is required. As noted, supra, if the Legislature desires that a plaintiff in a common knowledge case not incur this expense, it can amend the statute.
We have researched the laws of our sister states to determine whether any of them have similar statutes, and if they do, how the courts have interpreted the requirement of an affidavit of merit in the context of a common knowledge malpractice claim. Our research has disclosed that Georgia, Michigan and Illinois[2] have *1062 very similar affidavit of merit statutes. The Illinois courts, however, are the only ones to have addressed this issue. The Illinois statute provides in part:
In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit [of merit], attached to the original and all copies of the complaint.
[735 Ill. Comp. Stat. Ann. 5/2-622(a) (West 1999) (emphasis added).]
The purpose of the Illinois statute is similar to the New Jersey statute: to foreclose frivolous medical malpractice suits early in the litigation. McAlister v. Schick, 147 Ill.2d 84, 167 Ill.Dec. 1021, 588 N.E.2d 1151, 1154 (1992). In discussing its affidavit of merit statute, the Illinois Supreme Court noted that the fact that it "requires the submission of a health professional's report even in cases in which expert testimony might not be necessary at trial ... merely reflects the legislature's assessment of the statute's desired scope." DeLuna v. St. Elizabeth's Hospital, 147 Ill.2d 57, 167 Ill.Dec. 1009, 588 N.E.2d 1139 (1992), cited in Woodard v. Krans, 234 Ill.App.3d 690, 175 Ill.Dec. 546, 600 N.E.2d 477, 487 (1992); accord Lyon v. Hasbro Industries, Inc., 156 Ill.App.3d 649, 109 Ill.Dec. 41, 509 N.E.2d 702, 706-07 (1987). Illinois has thus similarly "rejected the argument that [an affidavit of merit] is necessary only where the plaintiff would need to provide expert testimony at trial to establish negligence." Woodard, 175 Ill.Dec. 546, 600 N.E.2d at 487.

III
The common knowledge doctrine is not a recent development in New Jersey law. See, e.g., Steinke v. Bell, 32 N.J.Super. 67, 107 A.2d 825 (App.Div.1954). We must presume that the Legislature was aware of the law when it enacted the affidavit of merit statute. See Wright v. Village of South Orange, 79 N.J.Super. 96, 102, 190 A.2d 675 (App.Div.1963); Marley v. Borough of Palmyra, 193 N.J.Super. 271, 291, 473 A.2d 554 (Law Div.1983). Given this presumption, the Legislature was aware of common knowledge malpractice cases and the lack of a need for an expert to prove such a case. Had the Legislature intended to exempt common knowledge cases from the affidavit of merit statute it could have done so. The Legislature considered the need for exceptions, and specifically provided for one, but did not supply a common knowledge exception.
The exception to the requirement for an affidavit of merit is found in N.J.S.A. 2A:53A-28.
No affidavit of merit shall be required if the plaintiff files a sworn statement certifying (1) that the plaintiff, by certified mail or personal service, requested the defendant in question to deliver medical records or information having a substantial bearing on preparation of the affidavit and enclosed an authorization for release of the records, and (2) that the defendant failed to deliver the requested *1063 records or information notwithstanding the passage of forty-five days since service of the request.
[In re Petition of Hall, 147 N.J. 379, 390, 688 A.2d 81 (1997).]
The creation of an exception is further evidence that the affidavit of merit statute applies to common knowledge cases. An exception "is an affirmation of the application of the statute to all other cases not excepted." New Jersey State Bd. of Optometrists v. S.S. Kresge Co., 113 N.J.L. 287, 295, 174 A. 353 (1934). A "general rule of [statutory] construction [is] that enumerated exceptions in a statute indicate a legislative intent that the statute be applied to all cases not specifically excepted." State v. Reed, 34 N.J. 554, 558, 170 A.2d 419 (1961). Further, "[u]nder the principle of expressio unius est exclusio alterius (the expression of one is the exclusion of others), affirmative expression ordinarily implies the negation of any other alternative." Borough of Fort Lee v. Director, Div. of Taxation, 14 N.J. Tax 126, 132 (Tax Ct.1994) (citations omitted).
Here, there is only one exception. This court is not at liberty to imply another. See Morgan v. Air Brook Limousine, Inc. 211 N.J.Super. 84, 93, 510 A.2d 1197 (Law Div.1986) (quoting New Mea Const. Corp. v. Harper, 203 N.J.Super. 486, 502, 497 A.2d 534 (App.Div.1985)); Norman J. Singer, 2A Sutherland, Statutes and Statutory Construction § 47.11 (6th ed.2000). No affidavit is required when, after requesting essential information from a defendant, a plaintiff is unable to obtain such information after forty-five days. N.J.S.A. 2A:53A-28; Hall, 147 N.J. at 390, 688 A.2d 81. Given this one exception, we are satisfied that the Legislature intended the affidavit of merit statute to apply to all other cases.

IV
Finally, we are aware of a colleague who, in a concurring opinion, observed that "[i]f plaintiff needs no expert to withstand a summary judgment motion, or a motion to dismiss at trial under R. 4:37-2(b) or R. 4:40-1, it would be unreasonable to require an affidavit of merit as a condition of proceeding with the malpractice action." Levinson v. D'Alfonso & Stein, 320 N.J.Super. 312, 321, 727 A.2d 87 (App.Div.1999) (Wecker, J., concurring). We do not agree with that reasoning and decline to follow it.
There is no indication in the statute that its requirements do not apply to "common knowledge" cases. We conclude that the statute is clear and unambiguous and mandates that an affidavit of merit is required in all malpractice cases against licensed persons, including those in which a plaintiff intends to establish liability without the use of expert testimony. "Absent a specific indication in the statute that it does not apply in certain circumstances ... its plain meaning indicates that it does apply." Levin v. Township of Parsippany-Troy Hills, 82 N.J. 174, 182, 411 A.2d 704 (1980). Moreover, the purpose of the statute compels a similar conclusion.
Affirmed.
NOTES
[1] Plaintiff argues on appeal that this case is "based upon common law negligence and res ipsa loquitor." We recognize that as applied to medical malpractice claims, res ipsa loquitor and the common knowledge doctrine are theoretically similar, but not synonymous. See Sanzari v. Rosenfeld, 34 N.J. 128, 141-42, 167 A.2d 625 (1961).

The common knowledge doctrine provides an exception to the rule that expert testimony is required to establish negligence in a medical malpractice claim, Black's Law Dictionary 270 (7th ed.1999), while the doctrine of res ipsa loquitor allows a jury to draw an inference of negligence when:
(1) the accident which produced a person's injury was one which ordinarily does not happen unless someone was negligent, (2) the instrumentality or agency which caused the accident was under the exclusive control of the defendant, and (3) the circumstances indicated that the untoward event was not caused or contributed to by any act or neglect on the part of the injured person.
[Lorenc v. Chemirad Corp., 37 N.J. 56, 70, 179 A.2d 401 (1962), quoted in Eaton v. Eaton, 119 N.J. 628, 638, 575 A.2d 858 (1990).]
We decline to address whether the elements necessary for the application of the res ipsa loquitor doctrine are present in this case. For the purposes of this appeal, we shall hereafter refer only to the common knowledge doctrine, although the principals set forth herein are equally applicable to both.
[2] The Georgia statute requires that the plaintiff file an "affidavit of an expert competent to testify," setting forth a factual basis for at least one claim of negligence. Ga.Code Ann. § 9-11-9.1(a) (1999). The Michigan statute applies specifically to medical malpractice claims and provides that plaintiff's attorney must submit an "affidavit of merit signed by a health professional." Mich. Comp. Laws § 600.2921(d)(1)(West 1999).

Several other states have enacted tort reform statutes with varying affidavit or certification requirements. See N.Y. C.P.L.R. 3012-a (McKinney 1991) (requiring plaintiff's attorney to file a certificate of merit); Fla. Stat. Ann. § 766.104 (West 1986 & Supp.1999) (requiring that plaintiff's counsel file a certification of merit); Tex.Rev.Civ. Stat. Ann. art. 4590i § 13.01 (West Supp.1999) (requiring either submission of an expert report or the posting of a cash bond); Minn.Stat. Ann. § 145.682 (West 1998) (requiring an attorney affidavit of expert review); N.C. R. Civ. P. 9(j) (requiring that plaintiff's pleading itself assert an expert review by a professional who is willing to testify); Mo. Ann. Stat. § 538.225 (West 1998 & Supp. 1999) (requiring plaintiff to file an affidavit stating that a healthcare provider has found that defendant failed to use reasonably prudent care).