**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2562-21

JOHN HUGHES,

    Plaintiff-Appellant,

v.

TOWNSHIP OF HOWELL,
a New Jersey municipal corporation,
ALLISON CIRANNI, Deputy
Township Clerk, MONMOUTH
COUNTY BOARD OF ELECTIONS,
CHRISTINE GIORDANO
HANLON, Monmouth County
Clerk, FRED GASIOR, Individual,
and SUSAN FISCHER, Individual.

    Defendants-Respondents.

_____

Argued September 12, 2022 – Decided September 16, 2022

Before Judges Whipple, Mawla and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1050-22.

David L. Minchello argued the cause for appellant (Rainone Coughlin Minchello, LLC, attorneys; David

L. Minchello, of counsel and on the brief; Matthew R. Tavares and Christopher D. Zingaro, on the briefs).

Christopher J. Dasti argued the cause for respondent Township of Howell and Allison Ciranni (Dasti & Associates, PC, attorneys; Christopher J. Dasti, of counsel and on the brief; Jeffrey D. Cheney, on the brief).

Jason N. Sena argued the cause for respondent Christine Giordano Hanlon (Archer & Greiner, PC, attorneys; Brian M. Nelson and Jason N. Sena, on the brief).

Michael L. Collins argued the cause for respondents Fred Gasior and Susan Fischer (King Moench & Collins, LLP, attorneys; Michael L. Collins, of counsel and on the brief).

Matthew J. Platkin, Acting Attorney General, attorney for respondent Monmouth County Board of Elections (George N. Cohen, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Plaintiff John Hughes appeals from an April 22, 2022 order denying his order to show cause for a preliminary injunction preventing defendants Fred Gasior and Susan Fischer from appearing on the ballot in the June 2022 primary election for Howell Township council and overturning a decision by defendant Allison Ciranni, the Howell Township Deputy Clerk, certifying Gasior and Fischer had a sufficient number of signatures to appear on the ballot. We affirm.

On February 2, 2022, the Monmouth County Clerk promulgated rules and procedures governing the submission of partisan petitions for the June primary in a memorandum to municipal clerks. The memorandum stated: "Any group of candidates running for the same office should find the petition for several candidates to be preferable, (i.e., Borough Council, Township Committee). However, if they wish to file separate petitions, that is acceptable too." A minimum of fifty signatures was required on a petition, whether group or individual.

On March 27, 2022, the Howell Township Republican Committee hosted an event for Fischer, Gasior, and a third candidate, Ian Nadel. The chairperson of the committee, Joseph DiBella, certified petitions for the candidates were circulated at this event. The three petition forms were titled in large bold print, as follows: "MUNICIPAL OFFICE PETITION NOMINATING SEVERAL CANDIDATES FOR PUBLIC OFFICE[.]" Below those words, on each of the petitions, the name of one of the three candidates appeared. The clerk concluded the petition bearing Fischer's name included fifty verified signatures of registered voters. Gasior's had forty-nine signatures and Nadel's seventy-two.[1]

---

[1] The trial judge accepted the clerk's figures. Plaintiff asserts Gasior, Fischer, and Nadel's petitions contained forty-nine, forty-three, and fifty-eight

DiBella submitted the petitions to Ciranni's office nominating the candidates. Simultaneously, he submitted a form signed by the candidates titled "Candidates' Request for Designation and Grouping on the Primary Ballot[,]" naming the candidates as a slate for council under the Monmouth County Republican Organization ("MCRO") designation.

After the petitions were accepted, a voter who signed Gasior's petition sent an email to the Howell clerk's office stating:

> Question. I was told the petition I [signed] was for [a] single candidate and now see it says several. My signature is only for . . . Gasior. I do not know the other [two]. He was the only candidate listed in the front of his petition as I see the others filled out the same. Also[,] they only have a single name on top of the signature pages.
>
> Could you please confirm for me if the petitions for [the candidates] are considered single petitions or . . . joint[]?

The clerk's office confirmed the petitions "all indicated on the cover page that they were for several candidates[,]" and the candidates had sufficient signatures.

Another township resident filed a challenge to Gasior and Fischer's petitions, arguing neither of them had the requisite fifty signatures and had not

---

signatures, respectively. As we explain in section II, the discrepancy is not dispositive.

A-2562-21

filed as a slate of candidates. Ciranni responded that according to N.J.S.A. 19:23-10, "[n]ot all names of petitioners needed to be signed to a single petition," and multiple petitions could be filed, if, in the aggregate, sufficient signatures were submitted. She noted the petitions, which were on the form for multiple candidates, were brought to her office at the same time by DiBella, who also filed a request for designation and grouping of the three candidates as members of the Republican organization. Ciranni concluded that under the totality of the circumstances the candidates filed as a slate and had sufficient signatures to be on the primary election ballot. She denied the objection and certified Gasior and Fischer's petitions.

Plaintiff filed a verified complaint in lieu of prerogative writs and an order to show cause seeking, among other relief, to invalidate Ciranni's decision and enjoin Fischer and Gasior from appearing on the ballot. In opposition, Gasior and Fischer filed a certification from DiBella that he and Nadel had procured an "Affidavit of Confir[]mation" bearing fifty-five signatures of individuals stating when they signed the "several candidates" petitions for Gasior, Fischer, and Nadel, they "understood [they were] signing . . . for all three . . . candidates." He certified his "intent at all times was to obtain the required signatures in support of the joint candidacies of Gasior, Fischer, and Nadel." The affidavit

further stated: "Our intent was at the time of signature and remains now to have signed for all three candidates running as a group under the [MCRO] banner." Nadel filed a similar certification.

Ciranni filed a certification confirming "the petitions were dropped off together and were presented as filing jointly. . . . Additionally, the candidates signed and dropped off a request . . . to be designated and grouped together on the primary ballot running together along with the [MCRO]."

The trial judge made oral findings on the order to show cause and concluded Ciranni had not erred because pursuant to N.J.S.A. 19:23-18 the candidates could request to be grouped together and N.J.S.A. 19:23-10 permitted the candidates to aggregate the signatures from more than a single petition. She noted Ciranni

> relied upon her firsthand knowledge and experience . . . crediting that the petitions . . . were brought to [t]own [h]all at the same time by . . . DiBella, . . . were filed on a form with the front cover listing that they were for the nomination on several candidates and . . . at the same time DiBella also filed a candidate's request for designation and grouping on the primary ballot.

The judge found the affidavits of confirmation filed by DiBella and Nadel did not violate N.J.S.A. 19:23-19, which prohibits adding signatures to cure a defective petition, and instead verified the intent of the fifty-five signatories to

6

nominate Gasior, Fischer, and Nadel. She rejected plaintiff's argument a hearing was required, noting plaintiff failed to present "any affidavits, and rel[ied] only on a hearsay statement" from the voter who wrote the email to rebut the certifications filed on behalf of Gasior and Fischer.

On April 22, 2022, the trial judge denied plaintiff's order to show cause. She ordered: Gasior and Fischer shall appear on the primary election ballot; Ciranni shall verify the number of qualified signees on Gasior and Fischer's petitions; and dismissed plaintiff's complaint with prejudice. Ciranni certified the fifty-five signatures on the affidavit of confirmation were eligible to sign, and had signed, the petitions. The judge denied plaintiff's request for a stay.

We granted plaintiff's request to file an emergent appeal and entered temporary restraints to permit briefing and plaintiff to obtain a transcript of the trial judge's findings for our review. Following our review, we dissolved the temporary restraints because plaintiff did not meet the Crowe v. DeGioia[2] factors and ordered the matter to be heard in the normal course. Gasior, Fischer, and Nadel subsequently won the Republican party primary.

---

[2] 90 N.J. 126 (1982).

A-2562-21

I.

On appeal, plaintiff challenges the trial judge's interpretation of the controlling statutes. Therefore, our review is de novo. Murray v. Plainfield Rescue Squad, 210 N.J. 581, 584 (2012).

"[E]lection laws are to be liberally construed to the end that voters are permitted to exercise the franchise and that the will of the people as expressed through an election is heard." In re Contest of Nov. 8, 2005 Gen. Election for Off. of Mayor of Twp. of Parsippany-Troy Hills, 192 N.J. 546, 559 (2007). Our election laws must not be used to deprive voters of their franchise for technical reasons. Matter of Mallon, 232 N.J. Super. 249, 262 (App. Div. 1989); Comm. to Recall Theresa Casagrande from Off. of Spring Lake Heights Sch. Bd. Member v. Casagrande, 304 N.J. Super. 496, 506 (Law Div. 1997), aff'd, 304 N.J. Super. 421 (App. Div. 1997). Indeed, "absent some public interest sufficiently strong to permit the conclusion that the Legislature intended strict enforcement, statutes providing requirements for a candidate's name to appear on the ballot will not be construed so as to deprive the voters of the opportunity to make a choice." Catania v. Haberle, 123 N.J. 438, 442-43 (1990) (citing Kilmurray v. Gilfert, 10 N.J. 435, 440-41 (1952)). Our election laws are interpreted to preserve the two-party system and to submit to the electorate a

ballot bearing the names of candidates of both major political parties. Kilmurray, 10 N.J. at 441.

Candidates running in a primary election must be nominated by members of the same party by petition. N.J.S.A. 19:23-5. The petition signees must "indorse the person or persons named in their petition as candidate or candidates for nomination for the office or offices therein named, and that they request that the name of the person or persons therein mentioned be printed" on the primary ballots. N.J.S.A. 19:23-7. For municipal elections in towns with populations more than 14,000, there must be at least fifty voters who sign the petition. N.J.S.A. 19:23-8. A "voter may sign one petition for each officer and no more, but all the names need not be signed to one petition." N.J.S.A. 19:13-6. "Not all of the names of petitioners need be signed to a single petition[;]" multiple petitions for the same candidate or candidates may be circulated, and the signatures may be aggregated. N.J.S.A. 19:23-10. Also, candidates for nomination to the same office may request their names be grouped together on the ballot, under a common designation. N.J.S.A. 19:23-18.

Where an objection is filed to a petition, the municipal clerk "shall . . . pass upon the validity of such objection in a summary way[.]" N.J.S.A. 19:13-11. A candidate may amend a defective petition "either in form or in substance,

but not to add signatures, so as to remedy the defect not later than 4:00 p.m. of the third day after the last day for the filing of petitions." N.J.S.A. 19:23-20.[3]

## II.

Plaintiff argues the trial judge erred because N.J.S.A. 19:23-7, -8, and -10 require that nominating petitions contain fifty verified signatures for each candidate and may be aggregated only where there are numerous petitions bearing the same candidate or candidates' names. Petitions bearing different names cannot be aggregated. Plaintiff also argues N.J.S.A. 19:23-20 restricts the ability to amend a deficient petition that lacks a minimum number of signatures. He cites several cases in which we held candidates may not add signatures to cure defects in nominating petitions and asserts the trial judge misconstrued the law by concluding the signees intended to support candidates who were not on the petition they signed. He argues even though the election laws are interpreted liberally the court cannot obviate the required number of signatures for a petition.

Analyzed through the lens of N.J.S.A. 19:23-10 alone without any consideration of the totality of the facts and circumstances, the trial judge's

---

[3] Plaintiff does not challenge the timeliness of the submission of affidavits of confirmation on appeal. Regardless, as we explain, the petitions were not amended by the affidavits of confirmation.

A-2562-21

finding the petitions were properly aggregated would constitute reversible error. Even utilizing a liberal interpretation, this statutory provision cannot be read to mean the submission of a petition bearing an adequate number of signatures for Candidate A, without more, would suffice to nominate Candidate B who did not obtain the requisite signatures. However, when N.J.S.A. 19:23-7, -8, and -10 are read together and applied to the facts of this case, a substantively different outcome emerges. As the trial judge noted, the evidence shows the signatures were obtained and presented for purposes of nominating Gasior, Fischer, and Nadel as a slate, the petitions were a group, and therefore had sufficient signatures.

Furthermore, the record does not support plaintiff's narrative the petitions were improperly amended by the addition of signatures after the fact. The signatures on the affidavits of confirmation the judge ordered Ciranni to verify did not add names to the original petitions, but instead were the names of fifty-five of the original signatories, who confirmed their intent to nominate Gasior, Fischer, and Nadel. Therefore, plaintiff's argument the trial judge violated the statute by permitting an unlawful amendment to the petitions lacks merit.

For these reasons, we reject plaintiff's contention the trial judge favored a liberal interpretation of the election laws and ignored the statutory requirements

A-2562-21

related to the number of signatures for each candidate and the limitations on amending petitions. Additionally, the caselaw cited by plaintiff in support of this argument is inapposite. In Lesniak v. Budzash, our Supreme Court eschewed a liberal construction of the election laws and invalidated a candidate's petition because several unregistered voters had signed it. 133 N.J. 1, 9-10 (1993). The facts here bear no relation to Lesniak, and, unlike that case, there is no evidence of "fraud and manipulation in the signing of [the] nomination petitions." Id. at 10.

Finally, to the extent we have not addressed an argument raised on appeal, it is because it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION